## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JAY CONNOR, on behalf of himself and others similarly situated, | : : CIVIL ACTION FILE NO. 4:23-cv-358 |
| Plaintiff, | : |
| v. | : **FIRST AMENDED COMPLAINT – CLASS ACTION** |
| OPTIM HEARING, LLC and VOCODIA FL, LLC | : |
| Defendants. | : **JURY TRIAL DEMANDED** |

Plaintiff Jay Connor (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1. As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Optim Hearing, LLC ("Optim Hearing") to market its services for individuals through the use of a telemarketing campaign, including telephone calls involving pre-record messages, despite not having the requisite consent to contact those individuals.

3. Optim Hearing hired Vocodia FL, LLC ("Vocodia") to transmit the calls at issue.

4. The Plaintiff also brings this putative class action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq*.

5. Mr. Connor alleges that Vocodia, on behalf of Optim Hearing, sent him multiple calls to a number listed on the National Do Not Call Registry, which violates the SCTPPA.

6. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

7. A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

8. Plaintiff Jay Connor is an individual.

9. Defendant Optim Hearing LLC is a limited liability company located in this District.

10. Defendant Vocodia FL, LLC is a Florida limited liability company.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court also has supplemental jurisdiction over the state law claims because the claims relate to the same telemarketing campaign.

12. Optim Hearing is subject to general personal jurisdiction because it is at home in this District.

13. Vocodia is subject to specific personal jurisdiction because it conducted the telemarketing at issue based in this jurisdiction and is indemnifying Optim Hearing in this lawsuit in this jurisdiction.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because where the solicitation campaign occurred that is the subject of this lawsuit.

## TCPA BACKGROUND

15. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"

3

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

16. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

17. Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

18. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

19. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or

telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

20. Under the TCPA, the burden is on the seller to have obtained and documented, and to prove, prior express written consent.

The South Carolina Telephone Privacy Protection Act

21. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, *et seq*.

22. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

23. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## FACTUAL ALLEGATIONS

24. Defendant Optim Hearing is a "person" as the term is defined by 47 U.S.C. § 153(39).

25. Defendant Vocodia is a "person" as the term is defined by 47 U.S.C. § 153(39).

26. The Plaintiff did not provide his prior express written consent to receive the telemarketing solicitations at issue.

Calls to Plaintiff

27. The Plaintiff is a natural person.

28. The Plaintiff's telephone number is (843) 557-XXXX.

29. That number is a cellular telephone number.

30. That telephone number has been on the National Do Not Call Registry since 2009.

31. That telephone number is used for residential purposes.

32. The Plaintiff received pre-recorded calls from Vocodia for Optim on October 10 and November 28, 2023.

33. Each call started with a pre-recorded message stated that the call was being made "because our records indicate you or someone from your household are suffering from hearing issues. Is this correct?"

34. The prerecorded calls alleged herein use avatar technology, which includes the use prerecorded sound clips designed and programmed to ask the consumer pre-qualification questions prior to the consumer speaking to a live agent.

35. The October 10, 2023 call came from 978-506-1113.

36. Other individuals have complained about receiving robocalls from that number. *See e.g.* https://lookup.robokiller.com/p/978-506-1113.

37. The Plaintiff responded to the recorded message, and Optim Hearing was identified.

38. The call was subsequently disconnected.

39. The November 28, 2023 call came from 803-620-6881.

40. Websites have identified calls from that number as a "hearing aid scam". *See* https://directory.youmail.com/phone/803-620-6881.

41. Optim Hearing's hearing aids were then offered to the Plaintiff.

42. They offered him an approximate price of $70 a month.

43. They confirmed that they were based out of Savannah, GA.

44. The Plaintiff then received an e-mail regarding the offer from philip.kennedy@optimhearing.com.

45. Prior to the filing of this lawsuit, the Plaintiff wrote to the Defendant.

46. The Defendant did not deny making the pre-recorded calls.

47. However, since the filing of the lawsuit Optim Hearing has produced a contract with Vocodia claiming that they engaged in the calling conduct.

48. Plaintiff and all members of the Class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they

were subjected to annoying and harassing calls and text messages that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

## OPTIM'S VICARIOUS LIABILITY

49. For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

50. In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.

51. The FCC has instructed that sellers such as Optim may not avoid liability by outsourcing telemarketing to third parties, such as Vocodia:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because

> "sellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) (footnotes and alteration marks omitted).

52. In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574 ¶ 1.

53. Optim is liable for telemarketing calls placed by Vocodia.

54. Optim authorized Vocodia send telemarketing calls and transfer the call recipient directly to Optim.

55. Optim controls the day-to-day activities of Vocodia' telemarketing for Optim.

56. Optim provided the specific criteria for the leads it would accept and required Vocodia to adhere to those criteria.

57. The 2013 FCC ruling holds that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *In re DISH Network*, 28 FCC Rcd. 6592-93 ¶ 46. Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of

demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 ¶ 46.

## CLASS ACTION ALLEGATIONS

58. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following Class of persons or entities similarly situated throughout the United States.

59. The Class of persons Plaintiff proposes to represent are tentatively defined as:

PRERECORDED VOCODIA CLASS

> All persons within the United States to whom: (a) Vocodia or a third party acting on its behalf, made one or more telephone calls (b) to a cellular telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

PRERECORDED OPTIM SUB-CLASS

> All persons within the United States to whom: (a) Vocodia or a third party acting on its behalf, made one or more telephone calls; (b) to a cellular telephone number; (c) through the use of a prerecorded voice; (d) that was transferred to Optim and (e) on or after four years from the filing of this lawsuit up until trial.

SCTPPA VOCODIA CLASS

> All persons with a South Carolina area code to whom (1) at any time from May 18, 2018 until trial, (2) Vocodia, or

someone on their behalf, (3) placed at least one call, (4) where it called a number on the National Do Not Call Registry, (5) while promoting goods or services.

### SCTPPA VOCODIA OPTIM SUB-CLASS

All persons with a South Carolina area code to whom (1) at any time from May 18, 2018 until trial, (2) Vocodia, or someone on their behalf, (3) placed at least one call, (4) where it called a number on the National Do Not Call Registry, (5) while promoting goods or services; and (6) the call was transferred to Optim.

60. Excluded from the Class are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

61. The Class as defined above are identifiable through phone records and phone number databases.

62. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

63. Plaintiff is a member of the Class.

64. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   a. Whether Defendants made calls using a prerecorded voice;

   b. Whether Optim is vicariously liable for the conduct of Vocodia;

      c.      Whether Defendants placed calls without obtaining the recipients' prior express written consent for the call; and

      d.      Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendants' actions.

65.      Plaintiff's claims are typical of the claims of class members.

66.      Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

67.      The actions of the Defendants are generally applicable to the Class as a whole and to Plaintiff.

68.      Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

69.      The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## Legal Claims

### Count One
### Violation of the TCPA's Automated Telemarketing Call Provisions

70. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

71. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating, or having one of its vendors initiate on its behalf, a call that includes an advertisement or constitutes telemarketing to the Plaintiff's cellular telephone number using a pre-recorded voice without his prior express written consent.

72. Defendants' violations were negligent and/or willful.

### Count Two

### Violation of SC Telephone Privacy Protection Act
### On behalf of Plaintiff and the SCTPPA Class

73. The above allegations of the foregoing paragraphs are repeated and realleged herein as if set forth herein.

74. Defendants violated the SC Telephone Privacy Protection Act by contacting class members' South Carolina numbers that were listed on National Do Not Call Registry, or by the fact that others did so on their behalf.

75. The Plaintiff, on behalf of the class, also seeks an injunction, which the SC Telephone Privacy Protection Act explicitly permits, preventing the Defendants

from using a South preventing the Defendants from calling a South Carolina number on the National Do Not Call Registry, or from anyone doing so on their behalf.

## **RELIEF SOUGHT**

For himself and all members of the Class, Plaintiff requests the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and SCTPPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF,
By his attorney

*/s/ Anthony I. Paronich*

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com