IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAY CONNOR, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

OPTIM HEARING LLC, and
VOCODIA FL, LLC

    Defendants.

_____/

Case No. 4:23-cv-00358

### DEFENDANT OPTIM HEARING LLC'S MOTION TO DISMISS
### PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Optim Hearing LLC ("Optim"), hereby moves for an order dismissing all claims alleged in the First Amended Complaint ("FAC") [D.E. 11]. For the reasons set forth below, the FAC fails to allege Optim is directly liable or vicariously liable for the calls at issue.

**I.    INTRODUCTION**

Plaintiff Jay Connor ("Plaintiff") alleges a claim under the Telephone Consumer Protection Act ("TCPA"), asserting that he received two prerecorded calls from Defendant Vocodia FL, LLC ("Vocodia") for Optim. However, in order to assert a violation under the TCPA, Plaintiff must allege *facts* plausibly demonstrating that Optim either *directly* made the calls at issue or is liable for the calls under a theory of *vicarious liability*. The FAC fails to allege that Optim directly made the calls to Plaintiff. As a factual matter, it did not. And the allegations of the FAC are insufficient to demonstrate that Optim is vicariously liable for the calls at issue.

As the FAC neither establishes direct nor vicarious liability on part of Optim for the calls at issue, the FAC should be dismissed.

1

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges he received two (2) prerecorded calls *from Vocodia* for Optim on October 10 and November 28, 2023 on his telephone number (843) 557-XXXX. FAC, at ¶¶ 28, 32. Plaintiff alleges that Optim is liable for the calls at issue, but the factual allegations supporting this conclusion are thin.

Plaintiff alleges that when he responded to the recorded message, Optim was identified. *Id.*, at ¶ 37. Thereafter, "Optim Hearing's hearing aids were then offered to the Plaintiff." *Id.,* at ¶ 41.

Plaintiff further alleges that "since the filing of the lawsuit Optim Hearing has produced a contract with Vocodia claiming that they engaged in the calling conduct." *Id.,* at ¶ 47.

Plaintiff also conclusorily alleges "Optim authorized Vocodia [to] send telemarketing calls and transfer the call recipient directly to Optim." *Id.,* at ¶ 54. That "Optim controls the day-to-day activities of Vocodia's telemarketing for Optim." *Id.,* at ¶ 55. And "Optim provided the specific criteria for the leads it would accept and required Vocodia to adhere to those criteria." *Id.,* at ¶ 56.

For the reasons set forth below, these facts are not sufficient to hold Optim either directly or vicariously liable for the calls.

## III. LEGAL STANDARD

A complaint that "fail[s] to state a claim upon which relief can be granted" is subject to dismissal under Rule 12(b)(6). Under this rule, a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Pastore v. GT Mktg. Group USA, Inc.*, 2022 WL 409414, at *2 (M.D. Fla. Feb. 10, 2022) (applying *Iqbal* standard for pleading requirements and explaining

that courts must "reject conclusory allegations, bald legal assertions and, only accept well-pled factual allegations as true.") A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Pastore*, 2022 WL 409414, at *2 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986) in setting out the rule that a "recitation of a claim's elements [is] properly disregarded, and courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). Allegations that support only the "sheer possibility" that the defendant is liable under the TCPA "will not do." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

IV. **ARGUMENT—THE COMPLAINT LACKS SUFFICIENT FACTUAL ALLEGATIONS DEMONSTRATING OPTIM IS EITHER DIRECTLY OR VICARIOUSLY LIABLE FOR THE CALLS AT ISSUE.**

For a person to "make" a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call. *Gomez v. Campbell-Ewald Co*., 768 F.3d 871, 877-79 (9th Cir. 2014).

Plaintiff's claims against Optim must fail because he does not allege facts showing that Optim directly made the calls at issue or that Optim is vicariously liable for the calls at issue based on an agency relationship.

A. **Plaintiff Fails to Allege Optim Directly[1] Made the Calls at Issue.**

A party cannot be held directly liable for a TCPA violation unless it "initiates" the offending call. *Hossfeld v. Am. Fin. Sec. Life Ins. Co*., 544 F. Supp. 3d 1323, 1331 (S.D. Fla.

---

[1] The FAC suggests that Plaintiff is holding Optim only vicariously liable for the calls at issue. Regardless, Optim addresses direct liability herein.

3

2021). The Federal Communications Commission ("FCC") has clarified that a defendant "initiates" a call if they "take[ ] the steps necessary to physically place a telephone call." *Hossfeld,* 544 F. Supp. 3d at 1331 (citing *In the Matter of the Joint Petition Filed by Dish Network, LLC, the U.S., & the States of Cal., Ill., N.C., & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules* ("*Dish Network*"), 28 F.C.C. Rcd. 6574, 6583 ¶ 26 (2013)). The FCC has reasoned that such an interpretation of the statute draws "a clear distinction between a call that is made by a seller and a call that is made by a telemarketer on the seller's behalf." *DISH Network, LLC*, 28 F.C.C. Rcd. at 6583.

Here, the FAC lacks the first and most basic element necessary to state a TCPA claim based on direct liability: that Optim directly made the calls at issue to the Plaintiff. In fact, Plaintiff clearly states that the two calls came from Vocodia. *See* FAC, at ¶ 32. Although Plaintiff alleges Optim was identified when he responded to the call, it is clear that the calls were made by Vocodia. *Id.* And direct liability "generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Becker v. Pro Custom Solar LLC*, No. 219CV535FTM29NPM, 2020 WL 474647, at *3 (M.D. Fla. Jan. 29, 2020) (citing *Dish Network*, 28 F.C.C. Rcd. at 6583).

In these circumstances, there can be no direct liability against Optim as the non-calling party. *See Hossfeld,* 544 F. Supp. 3d at 1332 (finding the defendant could not be directly liable for calls made by third parties); *Jayson Rogers v. Interstate Nat'l Dealer Servs. Inc.,* 2020 WL 4582689, at *3 (N.D. Ohio Aug. 10, 2020) (holding that the defendant was not directly liable for the call because the complaint contained "no specific factual allegations that could plausibly demonstrate that [the defendant] initiated any call to the plaintiff."); *Cunningham v. Kondaur Cap.*, No. 3:14-1574, 2014 WL 8335868, at *5 (M.D. Tenn. Nov. 19, 2014) (same). Therefore, Plaintiff can only allege a claim against Optim, if at all, under a vicarious liability theory.

4

### B. Plaintiff Fails to Allege Optim is Vicariously Liable for the Calls at Issue.

Plaintiff's FAC also does not contain any factual allegations to establish Optim is vicariously liable for the calls at issue.

The Eleventh Circuit has recognized that a party may be held vicariously liable for the TCPA violations of third-party callers. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019). A party can be vicariously liable for TCPA violations committed by a third-party telemarketer under federal common law agency principles. Under federal common law agency principles, there are three theories of agency that could support vicarious liability: (1) actual authority, (2) apparent authority, and (3) ratification. *See Hossfeld,* 544 F. Supp. 3d at 1332.

Here, Plaintiff's FAC fails to allege sufficient factual allegations supporting an agency relationship under any theory.

#### 1. Plaintiff Fails to Plead Actual Authority Because There Are No Facts Alleged Supporting the Conclusion that Optim had Control over Vocodia.

Plaintiff's FAC is bereft of any allegations to suggest that Optim could be held liable for the complained of calls under an actual authority agency theory.

An agency relationship based on actual authority requires: "(1) the principal to acknowledge that the agent will act for it; (2) the agent to manifest an acceptance of the undertaking; and (3) control by the principal over the actions of the agent." *Gayle v. Bill Holt Auto., Inc.*, 2023 WL 6192733, at *7 (N.D. Ga. July 10, 2023) *(citing Whetstone Candy Co., Inc. v. Kraft Foods, Inc.,* 351 F.3d 1067, 1077 (11th Cir. 2003)).

Specifically, the principal must have the right to control "the manner and method of work carried out by the agent," and the agent must be able to affect the legal relationships of the principal. *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206 at *5 (N.D. Ill. Mar. 19, 2013); *Mais v. Gulf Coast Coll. Bureau, Inc.,* 944 F. Supp. 2d 1226, 1243-45 (S.D. Fla. 2013),

5

*rev'd in part on other grounds,* 768 F.3d 1110 (11th Cir. 2014) (the right of control over the mode of doing the work is the principal consideration in an agency determination); *United States v. Tianello*, 860 F. Supp. 1521, 1524 (M.D. Fla. 1994) ("If a party controls only the outcome of the endeavor, and not the means used to achieve the outcome, then an agency relationship does not exist."); *Haynes v. Wilder Corp. of Delaware*, 721 F. Supp. 2d 1218, 1225 (M.D. Fla. 2010) (the principal must have "the right or power to control and direct the physical conduct of the other in the performance of the act. If there is no right to control, there is no liability."). Agency requires "more than mere passive permission; it involves request, instruction or command." *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084-85 (C.D. Cal. 2012) (quoting *Klee v. United States*, 53 F.2d 58, 61 (9th Cir. 1931)). Therefore, in order to plead actual authority, Plaintiff must provide sufficient factual allegations to demonstrate that Vocodia was Optim's agent.

Here, Plaintiff's allegations in the FAC are insufficient to demonstrate that Vocodia was Optim's agent and that Optim had control over Vocodia. First, Plaintiff suggests that a contract between Optim and Vocodia demonstrates actual authority. *See* FAC, at ¶ 47. But a contractual relationship, without more, does not automatically create a principal-agent relationship. *See Warciak v. Subway Rests., Inc.,* 949 F.3d 354, 356-57 (7th Cir. 2020) ("While an agency relationship can be created by contract, not all contractual relationships form an agency."); *Winters v. Grand Caribbean Cruises Inc.*, No. CV-20-00168-PHX-DWL, 2021 WL 3709854, at *5 (D. Ariz. Aug. 20, 2021) ("Although Plaintiffs allege there is some contractual relationship between the Telemarketing Agent and Grand Caribbean, and the Telemarketing Agent acted pursuant to the contract, this does not automatically mean the Telemarketing Agent is an agent..."). Tellingly, despite Plaintiff's allegation that he possesses the alleged contract between Voodia and Optim, he alleges *no facts* regarding the content of that agreement that would support a plausible claim of

6

any control exercised by Optim. The fact that he fails to allege any such facts—despite possession of the agreement—strongly suggests no right of control is found within the contract.

Second, Plaintiff alleges "Optim authorized Vocodia [to] send telemarketing calls and transfer the call recipient directly to Optim." FAC, at ¶ 54. But the mere fact that a call was transferred to Optim does not establish vicarious liability either. *See e.g., Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *4 (D.N.M. Sept. 28, 2018) (stating "allegations that the initial call was transferred to [the] [d]efendant… [was] insufficient to establish that Defendant had the right to control the initiation of the telephone call to Plaintiff.").

Third, Plaintiff alleges "Optim controls the day-to-day activities of Vocodia's telemarketing for Optim." FAC, at ¶ 55. But this allegation is purely conclusory and should be disregarded. *See Melito v. Am. Eagle Outfitters, Inc.,* 2015 WL 7736547, at *7 (S.D.N.Y. Nov. 30, 2015) ("Mere conclusory allegations that . . . Experian had the right to control the sending of the texts, without more, fails to plead an agency relationship."); *Ricky R. Franklin v. Cenlar FSB d/b/a Cent. Loan Admin. & Reporting (Cenlar), & Carrington Mortg. Servs., LLC*, 2020 WL 9595379, at *2 (N.D. Ga. Dec. 7, 2020) (stating "the court need not credit 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts'") (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004)). This is especially true given Plaintiff's failure to reference any specific terms of the contract between the parties supporting this allegation.

Plaintiff also alleges that "Optim provided the specific criteria for the leads it would accept and required Vocodia to adhere to those criteria." FAC, at ¶ 56. But at best, this allegation merely suggests that Optim "controls only the outcome of the endeavor, and not the means used to achieve the outcome…" *United States v. Tianello*, 860 F. Supp. 1521, 1524 (M.D. Fla. 1994) ("If a party controls only the outcome of the endeavor, and not the means used to achieve the

7

outcome, then an agency relationship does not exist."). So, the allegation that Optim would only buy calls of a certain quality does not mean it controlled Vocodia's conduct in its efforts to procure such leads.

Last, there are no facts alleged regarding communications between Optim and Vocodia or that Vocodia acknowledged that it would act for Optim as an agent. *See Whetstone Candy Co., Inc.*, 351 F.3d at 1077 (requiring an agent to "manifest an acceptance of the undertaking" to establish actual authority).

Taken together, therefore, Plaintiff simply fails to provide sufficient *factual* allegations that Optim had express of actual authority over Vocodia to make the at-issue calls.

### 2. Plaintiff Fails to Plead Apparent Authority Because There Are No Allegations to Show that Optim Acted in any Manner to Suggest that Vocodia was its Agent.

Plaintiff further has not alleged any facts that can show agency liability based on apparent authority. Apparent authority "allows a plaintiff to sue a principal for the misconduct of an independent contractor who only reasonably appeared to be an agent of the principal." *Pers. v. Lyft, Inc.,* 542 F. Supp. 3d 1342, 1352 (N.D. Ga. 2021) (quoting *Franza v. Royal Caribbean Cruises, Ltd*., 772 F.3d 1225, 1249 (11th Cir. 2014)). As the Eleventh Circuit stated:

> [W]e have repeatedly observed that apparent agency liability requires finding three essential elements: first, a representation by the principal to the plaintiff, which, second, causes the plaintiff reasonably to believe that the alleged agent is authorized to act for the principal's benefit, and which, third, induces the plaintiff's detrimental, justifiable reliance upon the appearance of agency.

*Franza*, 772 F.3d at 1252.

"Illustrative examples" of evidence that can support apparent authority giving rise to vicarious liability include when: "(1) a principal gives the agent authority to use the seller's trade name, trademark, or service mark; (2) the principal approved, wrote, or reviewed telemarketing scripts; or (3) if the principal knew or reasonably should have known that the agent was violating

8

the TCPA on the principal's behalf and the seller failed to take effective steps within its power to force the agent to cease that conduct." *John v. Keller Williams Realty, Inc.*, 2020 WL 10502631, at *3 (M.D. Fla. Feb. 4, 2020) (citing *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois, N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574, 6588 (F.C.C. 2013)).

Here, there are no facts alleged supporting any of the elements of apparent authority. First, there are no facts alleged that Optim said or did anything to the Plaintiff. And "statements by an agent are insufficient to create apparent authority without also tracing the statements to a principal's manifestations or control." *Warciak v. Subway Restaurants, Inc.,* 949 F.3d 354, 357 (7th Cir. 2020). Therefore, there was nothing Plaintiff could have reasonably relied on. There are also no facts alleged that Plaintiff took any actions to his detriment or otherwise in reliance on the purported appearance that Vocodia was Optim's agent. *See Gayle,* 2023 WL 6192733, at *7 (finding no apparent authority where the plaintiff failed to allege that he took any actions (to his detriment or otherwise) in reliance on the purposed appearance that the Bill Holt Defendants were Defendant MMNA's agent).

Moreover, there are no facts that Optim gave Vocodia the authority to use its name, approved or reviewed telemarketing scripts, or that Optim knew or should have known Vocodia was purportedly violated the law. *See In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois, N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. at 6588. Based on the above circumstances, Plaintiff could not plausibly allege apparent authority.

9

### 3. Plaintiff Fails to Allege Ratification Because There Are No Factual Allegations that Optim Knowingly Accepted the Benefits of Any Illegal Conduct.

Lastly, Plaintiff is similarly unable to allege Optim's liability under a ratification theory. Even if an agent acts without any authority, a principal may still be liable for the actions of the agent if the principal ratifies the agent's actions after they are taken. *See GDG Acquisitions LLC v. Gov't of Belize*, 849 F.3d 1299, 1308 (11th Cir. 2017) (stating "the principal may also ratify his agent's unauthorized actions, thus becoming bound by their legal consequences.").

A principal may only ratify an agent's conduct by failing to act if it knowingly accepts the benefits of such conduct. *See id.; see also* Restatement (Third) of Agency § 4.01 cmt. g ("A person may ratify an act ... by receiving or retaining benefits it generates if the person has knowledge of material facts and no independent claim to the benefit.") (emphasis added).

*Gayle* is instructive. In *Gayle,* the defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing that the defendant MMNA could not "be held liable for any of Plaintiff's claims, whether vicariously or directly…" *Gayle*, 2023 WL 6192733, at *6. Ultimately, the court found that the plaintiff failed to plead that the defendant ratified the conduct of any other defendant in the case. This was because the plaintiff failed to allege any facts suggested that defendant MMNA knew about the texts at issue. *Gayle*, 2023 WL 6192733, at *8.

Here, Plaintiff offers no facts suggesting that Optim *knowingly* accepted the benefits of the alleged calls at issue made by Vocodia. Plaintiff alleges that Optim offered him an approximate price of $70 a month for hearing aids[2], but Plaintiff does not allege that he actually paid for the hearing aids. So, while Plaintiff appears to suggest that Optim ratified the conduct of Vocodia by benefitting from that conduct, "a principal's receipt of a benefit from an alleged agent's actions is

---

[2] FAC, at ¶ 42.

insufficient to establish ratification without the principal's specific knowledge of the conduct it is benefitting from." *Gayle*, 2023 WL 6192733, at *8 (citing *GDG Acquisitions LLC v. Gov't of Belize*, 849 F.3d 1299, 1309 (11th Cir. 2017)). Like the amended complaint in *Gayle,* the FAC contains no facts that Optim knew about the calls at issue. Indeed, there are simply no facts in the FAC that demonstrate Optim had *specific* knowledge of Vocodia's conduct. Without allegations demonstrating Optim's specific knowledge of Vocodia's conduct, it cannot be said that Optim ratified any conduct of Vocodia's. As such, Plaintiff fails to allege that Optim ratified Vocodia's sending of the calls at issue.

In sum, the FAC is devoid of any factual allegations to show Optim is vicariously liable for the alleged unlawful calls made by Vocodia. Therefore, the FAC should be dismissed with prejudice.

## V.  CONCLUSION

Based on the foregoing reasons, Optim respectfully requests that the Court dismiss Plaintiff's FAC with prejudice.

| | |
|---|---|
| Dated: April 11, 2024 | */s/ Brittany A. Andres* <br> Eric J. Troutman (pro hac vice) <br> California Bar No. 229263 <br> Brittany Andres (pro hac vice) <br> California Bar No. 340856 <br> TROUTMAN AMIN, LLP <br> 400 Spectrum Center <br> Suite 1550 <br> Irvine, CA 92618 <br> Telephone: (949) 350-3663 <br> troutman@troutmanamin.com <br> brittany@troutmanamin.com <br><br> *Attorneys for Defendants Optim Hearing LLC and Vocodia FL, LLC* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 11, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record.

                                                    */s/ Brittany A. Andres*
                                                    Brittany A. Andres