**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| JAY CONNOR, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV423-358 |
| OPTIM HEARING LLC and VOCODIA FL, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## <u>PROTECTIVE ORDER</u>

Having fully considered the parties' proposed protective order and for good cause shown, the Court **GRANTS** the parties' joint motion for a protective order, doc. 34, subject to the following modifications:

(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2) Nothing in this protective order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

(3) Nothing in this protective order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

The parties' agreed-upon terms are as follows:

### 1. Purposes and Limitations

Apart from information or discovery material in the public domain, information or discovery material that becomes part of the public domain as a result of publication not involving a violation of this Protective Order, or information or discovery material known by the Parties prior to the disclosure of such information or discovery material, the Parties agree that all information and discovery material produced or acquired in this Action may only be used in connection with the Action. Additionally, disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulation and Protective Order.

This Protective Order cannot and does not "negate the rights" that non-parties, including putative class members, may have to "privacy and confidentiality as to their personal information" under any applicable law. By agreeing to this Protective Order, the Parties reserve their rights and obligations to comply with any privacy protections that apply to the disclosure of non-party information, including privacy protections that may apply to putative class member information.

### 2. Definitions

2.1    <u>Action</u>: *Jay Connor v. Optim Hearing LLC, et al.,* Case No. 4:23-cv-00358, presently pending in the United States District Court for the Southern District of Georgia, Savannah Division.

2.2.    <u>Party</u>: Any party to this Action and its successors-in-interest, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.3.   <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or the manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery by any Party or Non-Party in this matter.

2.4   <u>"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" Information or Items</u>: Disclosure or Discovery Material that is private and that a Party or Non-Party, in good faith, believes must be held confidential to protect personal privacy interests or is confidential, proprietary, and/or commercially sensitive information, including private health information, trade secrets, or information otherwise presenting a compelling need for privacy.

2.5   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  Extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  For avoidance of doubt, Information, Items, or Material subject to or covered by the Health Insurance Portability and Accountability Act shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, regardless of whether such Information, Items, and/or Material is so designated.

2.6   <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party or Non-Party but who are employed at law firms that appear on the pleadings or in representation agreements as counsel for a Party or Non-Party in this Action.

2.7   <u>In-House Counsel</u>: Attorneys who are employees of a Party or Non-Party.

2.8   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.9     Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.10    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not a past or a current employee of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes any professional jury or trial consultant retained in connection with this litigation but does not include mock jurors.

2.11    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12    Professional Vendors: Persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review, and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: Any Disclosure or Discovery Material that is designated in good faith as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.15    Producing Party: A Party or Non-Party that provides, produces, or makes available for inspection Disclosure or Discovery Material in the course of this Action.

**3. Scope.**  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.  Further, the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge that this Order does <u>not</u> entitle them to file Protected Material under seal, and that Rule 5.2 of the Federal Rules of Civil Procedure set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**4. Duration.**  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. Form and Timing of Designation.**  A Party or Non-Party who produces Disclosure or Discovery Material, may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to or at the time of the production or disclosure of the documents.  When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation.  The Party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.  By written stipulation the Parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, even though the original documents being produced have not themselves been so labeled.  All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation.  The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as required under this Order and thereafter the copies shall be

subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

6. **Documents Which May be Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.** Any Party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

7. **Depositions and Hearings.** Deposition and hearing testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only if designated as such. The Parties shall have thirty (30) days from the date of receipt of the deposition and/or hearing transcript to review same and make any confidentiality designations. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Thereafter, the deposition or hearing transcripts and any of those portions so designated shall be protected as CONFIDENTIAL

– SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, pending objection, under the terms of this Order.

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulation and Protective Order, substantially along the lines of "this videotape/file contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Stipulation and Protective Order in this matter or pursuant to written stipulation of the parties."

Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Stipulation and Protective Order to receive or access Protected Material based on the designation of such Protected Material.

**8. Upward Designation of Information or Items Produced by the Parties or Non-Parties**.  A Party may upward designate (*i.e.*, change any documents or other material produced without a designation to a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") any Disclosure or Discovery Material produced by any other Party or Non-Party, provided that said Disclosure or Discovery Material contains the upward Designating Party's own CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c). Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be

redesignated.  Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

**9. Inadvertent Failures to Designate and Re-designation**: A Producing Party that inadvertently fails to designate Disclosure or Discovery Material as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulation and Protective Order at the time of its production shall be able to make a correction to its designation, with the Receiving Party reserving the right to assert that such re-designation is improper pursuant to the procedures set forth herein regarding challenging designations.  Such failure shall be corrected by providing to the Receiving Party written notice of the error and substituted copies of the inadvertently unmarked or mis-marked Disclosure or Discovery Materials.  Any Party receiving such inadvertently unmarked or mis-marked Disclosure or Discovery Materials shall, within five (5) days of receipt of the substitute copies and written notice of the error, destroy or return to the law firm representing the Producing Party all copies of such mis-designated documents.  The Producing Party shall comply with Paragraph 5 when re-designating Disclosure or Discovery Material as Protected Material.  Following any re-designation of Disclosure or Discovery Material as Protected Material the Party receiving such Protected Material shall take reasonable steps to comply with the re-designation, including, without limitation, retrieving all copies and excerpts of any re-designated Protected Material from persons not entitled to receive it as re-designated.

A Receiving Party shall not be in breach of this Stipulation and Protective Order for any use of such inadvertently non-designated or inadvertently mis-designated material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving

Party shall treat such material at the appropriately designated level pursuant to the terms of this Stipulation and Protective Order, reserving all rights to assert that such re-designation is not proper under the procedures set forth herein regarding challenging designations.

**10. Protection of Confidential Material.**

      **(a) General Protections.**  Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by the Parties, Counsel for the Parties or any other persons identified in ¶ 10(b) or (c)  for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

      **(b) Limited Disclosure of "CONFIDENTIAL" Material.**  The Parties and Counsel for the Parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

      **(1) Outside Counsel of Record.**  Outside Counsel of Record for the Parties and employees and agents of Counsel who have responsibility for the preparation and trial of the action

      **(2) Parties.**  Parties and employees of a Party to this Order.

      **(3) Court Reporters and Recorders.**  The Court, its personnel, Court reporters and recorders engaged for depositions;

**(4) Consultants, Investigators, Professional Vendors, and Experts**.  Consultants, investigators, Professional Vendors, or Experts (hereinafter referred to collectively as "experts") employed by the parties or Counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(5) Third Parties**.  Any Non-Party witness or deponent to whom documents or materials marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, based on the face of the documents, were previously disclosed and/or provided by the Producing Party to the Non-Party, and not by inadvertence or mistake.  All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(6) Mediators or Settlement Officers.**  Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement negotiations.

**(7) Others by Consent.**  Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)   Limited   Disclosure   of   "HIGHLY   CONFIDENTIAL   –
ATTORNEYS' EYES ONLY" Material.**  The Parties and Counsel for the Parties shall
not disclose or permit the disclosure of any HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY documents or material to any third person or entity except as set forth in
subparagraphs (1)-(7). Subject to these requirements, the following categories of persons
may   be   allowed   to   review   documents   that   have   been   designated   HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY:

**(1)** The Receiving Party's Counsel of Record in this Action, as well
as employees of said Counsel of Record to whom it is reasonably necessary
to disclose the information for this litigation;

**(2)** The Receiving Party's In-House Counsel to whom disclosure is
reasonably necessary for this litigation;

**(3)** The named Plaintiff(s) and class representative(s) for this
litigation, provided that they signed the Acknowledgment of Understanding
and   Agreement   to   Be   Bound   contained   in   Attachment   A,   and   as
contemplated in ¶ 11;

**(4) Court Reporters and Recorders.**  The Court, its personnel,
Court reporters and recorders engaged for depositions;

**(5) Consultants, Investigators, Professional Vendors, and
Experts**.   Consultants, investigators, Professional Vendors, or Experts
(hereinafter referred to collectively as "experts") employed by the parties or
Counsel for the Parties to assist in the preparation and trial of this action or
proceeding, but only after such persons have completed the certification

contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(6) Third Parties**.  Any Non-Party witness or deponent to whom documents or materials marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, based on the face of the documents, were previously disclosed and/or provided by the Producing Party to the Non-Party, and not by inadvertence or mistake.  All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(7)  Mediators or Settlement Officers.**  Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement negotiations.

**(8) Others by Consent.**  Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**11. Agreement.** Before any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", or substance or summary thereof, shall be disclosed to the persons or entities identified above, the Parties are hereby ordered to tender a copy of this Stipulation and Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or item is made shall be on notice and fully informed that the existence and substance of the Stipulation and

Protective Order is, and is intended to be, equally binding upon it, him or her. Before any information or item designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or substance or summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms of the Acknowledgment of Understanding and Agreement to Be Bound attached as Attachment A. The person to whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or item is disclosed shall not give, show, or otherwise divulge any of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or item to any entity or person except as specifically provided for by this Stipulation and Protective Order.

**12. Control of Documents.** Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(a) Copies.** Prior to production to another Party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the word does not already appear on

the copy. All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall have the same meaning as the term "duplicates" under the Federal Rules of Evidence and shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(b) Inadvertent Production.**  Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be governed by Fed. R. Evid. 502.

Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material, and all copies, to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

**13. Filing Protected Material**.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any

Protected Material in the public record in this Action.  A Party who seeks to introduce Protected

Material at a hearing or other pretrial proceeding shall advise the Court at the time of introduction

that the information sought to be introduced is protected.  If the Party who designated the

information as Protected Material requests the protection be continued, the Court will review the

information to determine if the information is entitled to continued protection.  Prior to disclosure

of Protected Material at a hearing, the Producing Party may seek further protections against public

disclosure from the Court.

**14. Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY Documents Under Seal.**  Absent a statute

or an order of this Court, documents may not be filed under seal.  *See* L.R.1.11.  Neither this

Stipulation and Protective Order nor any other sealing order constitutes blanket authority to file

entire documents under seal.  Only confidential portions of relevant documents are subject to

sealing.  To the extent that a brief, memorandum, or pleading references any document marked as

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL –

ATTORNEYS EYES ONLY, then the brief, memorandum, or pleading shall refer the Court to the

particular exhibit filed under seal without disclosing the contents of any confidential information.

If, however, the confidential information must be intertwined within the text of the document, a

Party may timely move the Court for leave to file both a redacted version for the public docket and

an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all

filings made under seal shall be submitted electronically and shall be linked to this Stipulated

Protective Order or other relevant authorizing order.  If both redacted and unredacted versions are

being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed enveloped marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the Party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom.  The hearing, argument, or trial will be public in all respects unless otherwise ordered by the Court.

**15. Challenges by a Party to Designation as Confidential.**  Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation is subject to challenge by any Party or Non-Party withstanding to object (hereafter "party"). Any challenge to the Designating Party's designations must be made within fourteen (14) days receipt of the challenged information.  The objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If an agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation as to any documents subject to the objection, the Designating Party shall serve on all parties a notice specifying the documents and the nature of the agreement.  If an agreement is not

reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation as to any documents subject to the objection, the Objecting Party shall file a motion within reasonable period after an impasse between the parties.

**16. Unauthorized disclosure of protected material.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures (by email, if possible) immediately and in no event more than three court days after learning of the disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to maintain the disclosed document or information as Protected.

**17. Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be by motion under the procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

Nothing in this Stipulation and Protective order shall preclude either Party from requesting the Court to address and rule on discovery and confidentiality issues between the Parties within the usual scope of discovery disputes. Moreover, nothing in this Stipulation and Protective Order shall preclude or prejudice either Party from arguing for, or against, any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. The Designating Party shall, at all times, have the burden of demonstrating that its confidentiality designations are proper (if such designations are challenged).

**18. Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any Party during the trial. If a Party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or information derived therefrom, such Party shall provide advance notice to the other Party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**19. Obligation on Conclusion of Litigation.**

**(a) Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order, including copies as defined in ¶ 5(d), shall be returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Producing Party that it has done so. Notwithstanding the above requirements to return or destroy documents, Counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents.

**(c) Return or Destruction of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to Counsel for the Parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**20. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter.

**21. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by Counsel or the Parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**22. Persons Bound.** This Order shall take effect when entered and shall be binding upon all Counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

**23. Protecting Material Subpoenaed or Ordered Produced in Other Litigation.** If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)  immediately, and in no event more than five (5) days from receiving the subpoena or order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

24.  **A Non-Party's Protected Material.**  The terms of this Order are applicable to information produced by a Non-Party in this action and designated by the Producing Non-Party or a Party to this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(a) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely objects, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its confidential information.

**SO ORDERED**, this 22nd day of April, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

JAY CONNOR, on behalf of himself         Case No. 4:23-cv-00358
and others similarly situated,

       Plaintiff,

v.

OPTIM HEARING LLC, and
VOCODIA FL, LLC

       Defendants.

_____/

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

      The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms thereof,

and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United

States District Court for the Southern District of Georgia in matters relating to the Protective Order

and understands that the terms of the Protective Order obligate him/her to use documents

designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the Order solely for the

purposes of the above-captioned action, and not to disclose any such documents or information

derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____    _____

Signature