IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAY CONNOR, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

OPTIM HEARING LLC, and
VOCODIA FL, LLC

    Defendants.

Case No. 4:23-cv-00358

_____/

**DEFENDANT VOCODIA FL, LLC'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISICTION**

Defendant Vocodia FL, LLC ("Vocodia"), a resident of Florida, respectfully submits this Reply in support of its Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 27] (the "Motion").

**I.**    **INTRODUCTION**

Plaintiff Jay Connor ("Plaintiff") has failed to carry his burden of establishing a prima facie case of personal jurisdiction over Vocodia in Georgia and his declaration filed in support only reiterates the allegations of the First Amended Complaint ("FAC").

The applicable portion of Georgia's long-arm statute requires that a nonresident defendant transact business *within* Georgia. O.C.G.A. 9-10-1(1). First, Plaintiff argues that the exercise of jurisdiction over Vocodia in Georgia is proper because "Vocodia agreed to do business with a Georgia company." Opp. at 7. But as highlighted in the Motion, it is well established that a mere contractual relationship "with a citizen of another state, standing alone, does not automatically satisfy the minimum contacts test." *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*,

1

593 F.3d 1249, 1268 (11th Cir. 2010).

Second, Plaintiff argues that the exercise of jurisdiction over Vocodia in Georgia is proper because Vocodia "agreed to transfer [] calls into Georgia." Opp. at 7. However, the mere transfer of a call into a forum state is also not sufficient to confer jurisdiction over an out-of-state entity. As such, Plaintiff has failed to show that Vocodia has transacted business in Georgia and *within* Georgia.

Moreover, Plaintiff's argument that asserting personal jurisdiction over Vocodia is constitutional is equally unavailing. This case does not 'arise out of or relate to' at least one of Vocodia's contacts with Georgia, Vocodia has not 'purposefully availed' itself of the privilege of conducting activities within Georgia, and the exercise of personal jurisdiction does not comport with traditional notions of fair play and substantial justice.

As such, this Court should grant Vocodia's Motion and dismiss Vocodia from the FAC for lack of personal jurisdiction.

## II.  ARGUMENT

### A.  Plaintiff Fails to Demonstrate How Georgia's Long Arm Statute Reaches Plaintiff's Claims Against Vocodia.

"The Eleventh Circuit has [] stated, '[f]irst, the plaintiff must allege sufficient facts in his complaint to initially support long arm jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute.'" *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)).

Plaintiff relies on Section 9-10-91(1) of Georgia's long-arm statute in arguing this Court has personal jurisdiction over Vocodia. Pursuant to Section 9-10-91(1), a nonresident may be subject to personal jurisdiction in Georgia if that nonresident, "if in person or through an agent"

2

. . . (1) Transacts any business within this state."

"[L]iterally transacting business within Georgia remains a precondition to long-arm jurisdiction that is independent from the dictates of due process." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1261. The Eleventh Circuit held that in order to "transact any business" in Georgia, the nonresident defendant must have "purposefully done some act or consummated some transaction in Georgia." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1265 (citing *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515 (2006)). As the *Diamond* Court noted, "transacts any business within this state" does not "simply equate to . . . mere minimum contacts in a due process sense." *Diamond*, 593 F.3d at 1262. Instead, it has "independent meaning." *Id*. The Court further held that "the precise contours of the '[t]ransacts any business within this state' requirement" is decided case-by-case. *Id*. at 1263. So although physical presence in Georgia is not required, a nonresident defendant must have sufficient **tangible and intangible** conduct so that "it can fairly be said that the nonresident has transacted any business within Georgia." *Id.*, at 1264.

Plaintiff argues that exercise of personal jurisdiction is proper because Vocodia: (1) agreed to do business with a Georgia entity, and (2) agreed to transfer calls into Georgia. Opp. at 7. However, these facts fall short of establishing jurisdiction over Vocodia in Georgia.

### 1. A Mere Contractual Relationship With A Georgia Entity is Insufficient to Establish Personal Jurisdiction.

As an initial matter, pursuant to the Supreme Court and Eleventh Circuit precedent, it is well-established that "[m]erely contracting with a forum resident" cannot establish sufficient minimum contacts. *Diamond Crystal Brands, Inc.*, 593 F.3d at 1268 ("[I]t is settled that entering a contract with a citizen of another state, standing alone, does not automatically satisfy the minimum contacts test."); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463 (1985) (same); *ICEE Distributors, Inc. v. J & J Snack Foods Corp.*, 325 F.3d 586, 591 (5th Cir.2003)

("Contracting with a resident of the forum state does not alone support the exercise of jurisdiction over the defendant."); *Cooley v. First Data Merch. Servs., LLC*, No. 1:19-CV-1185-TWT, 2019 WL 13207579, at *6 (N.D. Ga. Nov. 15, 2019) ("entering into a contract with a Georgia entity, "without more, cannot constitute transacting business in Georgia for purposes of personal jurisdiction."); *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892, 893 (1989) ("[A]n individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts in the other party's home forum.") (citing *Burger King Corp.*, 471 U.S. at 479), writ vacated, 259 Ga. 455 (1989). Therefore, Georgia courts also look to "ancillary factors like prior negotiations, future consequences, the parties' actual course of dealing, or the terms of the contract itself justify the exercise of personal jurisdiction in Georgia." *Cooley*, 2019 WL 13207579, at *6.

Here, Plaintiff argues that merely doing business with a Georgia company is sufficient to confer jurisdiction over Vocodia. But this argument goes against well established precedent. *See Diamond Crystal Brands, Inc.*, 593 F.3d at 1268; *Burger King Corp.*, 471 U.S. at 463. Thus, the Court must look to "ancillary factors." *Cooley*, 2019 WL 13207579, at *6. So, Plaintiff argues that Vocodia transferring calls to a Georgia entity further demonstrates jurisdiction.

> 2. **Vocodia Transferring Calls To a Georgia Entity Also Does Not Establish Jurisdiction.**

While Plaintiff argues actual physical presence in the forum state is not required and courts may look at "postal, telephonic, and Internet contacts"[1] to serve as the basis for jurisdiction, there still must be sufficient **tangible and intangible** conduct so that "it can fairly be said that the nonresident has transacted any business within Georgia." *Diamond Crystal Brands, Inc.,* 593 F.3d at 1264.

---

[1] Opp. at 12 (citing *Lima Delta Co. v. Global Aerospace, Inc.*, 325 Ga. App. 76, 80 (Ga. Ct. App. 2013)

More specifically, Plaintiff argues that Vocodia's transfer of calls into Georgia (i.e., contractual *performance*) is another sufficient basis for the exercise of personal jurisdiction. Opp. at 9. According to Plaintiff, "Optim's contract with Vocodia required perform[ance] to take place in Georgia, just as it did with the Plaintiff. The agreement permitted Vocodia to make robocalls on behalf of Optim and transfer those calls into Georgia" Opp. at 9-10. Plaintiff points to the agreement between Optim and Vocodia which includes a description that states: "Hearing Aid Sales via live transfer or inbound call." Opp. at 10. But Plaintiff is wrong. The mere transfer of calls into Georgia does not demonstrate that contractual performance took place **within** the state. Contractual performance typically refers to activities such as delivery of goods or services, completion of work, or fulfillment of contractual obligations within the jurisdiction. Plaintiff fails to show that the contractual relationship between the parties specifically required performance **within** Georgia.

Plaintiff cites to *Daniel Def., LLC v. Tactical Edge, LLC*, No. 4:21-CV-334, 2024 WL 474192 (S.D. Ga. Feb. 7, 2024) for the proposition that Georgia courts have held that contractual performance in Georgia is, in and of itself, a However, *Daniel Def., LLC* is distinguishable. In *Daniel Def., LLC,* the defendant "travel[ed] to Georgia for contractual negotiations, enter[ed] into a significant business arrangement with a Georgia corporation, guarantee[d] the performance of contractual obligations in Georgia, and shipping parts to a Georgia corporation that were to be incorporated into firearms manufactured in Georgia." *Daniel Def., LLC,* 2024 WL 474192, at *5. Taken together, the court found that the defendant had sufficient minimum contacts with Georgia to exercise specific personal jurisdiction over. *Id.* Here, there are no facts alleged that Vocodia traveled to Georgia for negotiations or shipped objects to Optim that would be manufactured in Georgia. All that is alleged is that Vocodia, a Florida entity entered into contract with a Georgia entity. And this is not enough for this Court to exercise specific jurisdiction over Vocodia.

5

The Supreme Court's decision in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,* 592 U.S. 351 (2021) does not compel a contrary conclusion. In *Ford*, the Supreme Court held that, in some circumstances where a company has "systematically served a market" for the product at issue in the forum state, a Court may exercise personal jurisdiction over the defendant even when there is no "strict causal relationship" between the defendant's in-state conduct and the claims asserted in the litigation. *Id.* at 362-63. That holding has no application here, for at least two reasons. First, by its own terms, the decision in Ford does not consider telephone communications. Second, unlike in *Ford*, where it was undisputed that Ford had longstanding, systematic contacts with the forum states—including through advertising, sales, and maintenance services for the vehicle models at issue—there is no evidence in this case demonstrating that Vocodia has ever transacted business, maintained a physical presence, or advertised any products in Georgia. *See id.* at 364 (noting that "Ford has here conceded 'purposeful availment' of the two States' markets").

As such, Plaintiff has not alleged sufficient facts to support long arm jurisdiction over Vocodia. Thus, this Court lacks personal jurisdiction over Vocodia, and Vocodia should be dismissed from Plaintiff's FAC. *See Cooley*, 2019 WL 13207579, at * 7 (holding that the plaintiffs' "claims therefore do not 'arise from' the Defendants' contacts with Georgia as required by Georgia's long-arm statute and federal due process" because "Plaintiffs do not allege that the calls that injured them were made from, or received in, Georgia.").

**B.   Plaintiff Fails to Demonstrate Vocodia Has Sufficient Minimum Contacts in Order to Exercise Specific[2] Personal Jurisdiction Over it.**

"Because Plaintiff has failed to prove the existence of personal jurisdiction under

---

[2] In Vocodia's Motion, Vocodia argued that this Court lacked general and specific personal jurisdiction over Vocodia. *See* Mot. at 7-11. In opposition, Plaintiff conceded that the Court lacks general jurisdiction over Vocodia. Opp. at 8 ("As a preliminary matter, the Plaintiff does not contest that this court lacks general jurisdiction over Defendant Vocodia."). As such, Vocodia focuses its Reply on specific jurisdiction.

6

Georgia's long-arm statute, the Court does not need to decide whether the exercise of jurisdiction, if it existed under the Georgia long-arm statute, which it does not, would be proper under the Due Process Clause." *Robinson v. Sacramento Hotel Partners*, 2019 WL 2084538, at *5 (N.D. Ga. Jan. 10, 2019). Nevertheless, Plaintiff has also failed to prove the existence of personal jurisdiction under the Due Process Clause for three reasons: (1) Vocodia has not 'purposefully availed' itself of the privilege of conducting activities within Georgia, (2) the exercise of personal jurisdiction does not comport with traditional notions of fair play and substantial justice, and (3) this case does not 'arise out of or relate to' at least one of Vocodia's contacts with Georgia.

### 1. Plaintiff Has Not Demonstrated Vocodia Purposefully Availed itself of the Privilege of Conducting Activities Within Georgia.

Plaintiff must demonstrate whether Vocodia "'purposefully availed' [it]self of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws…" *Brown v. Ford Motor Co.*, 347 F. Supp. 3d 1347, 1350 (N.D. Ga. 2018).

Plaintiff argues Vocodia purposefully availed itself of the privilege of conducting activities within Georgia because "Vocodia stood ready to serve a market for consumer telemarketing services to Georgia businesses." Opp. at 14. But Plaintiff cites to no authority or evidence on this point. And the declaration of Brian Podollak filed in support of Vocodia's Motion directly refutes this. Vocodia does not have a physical presence in Georgia, such as an office or employees, and therefore did not purposefully avail itself of conducting business in the state. *See* Declaration of Brian Podollak ("Podollak Decl."), at ¶¶ 4-5. Moreover, Vocodia does not directly solicit business in Georgia, does not directly market its services in Georgia and does not advertise in Georgia. Podollak Decl., at ¶ 6. Without specifically targeting or directing advertising towards Georgia, Vocodia did not purposefully avail itself of the Georgia market.

Moreover, Plaintiff argues the Court has personal jurisdiction over Vocodia based on the

7

indemnification provision in the agreement between Vocodia and Optim. *See* Opp. at 14-15. According to Plaintiff, it was "foreseeable" for Vocodia to be haled into a Georgia court because the indemnification provision provided for Vocodia to "defend and hold harmless" Optim. *See* Opp. at 15. But Plaintiff is wrong. Plaintiff's contention that Vocodia agreed to indemnify Optim is insufficient to confer jurisdiction over Vocodia because Plaintiff's Telephone Consumer Protection Act ("TCPA") and South Carolina Telephone Privacy Protection Act ("SCTPAA") claims do not arise from the indemnification agreement. Plaintiff's claims arise from Optim and Vocodia's alleged prerecorded calls. Therefore, Plaintiff's "claims could be asserted regardless of whether an indemnity agreement exists" between Optim and Vocodia. *See Lapidus v. NCL Am. LLC*, No. 12-21183-CIV, 2013 WL 646185, at *4 (S.D. Fla. Feb. 14, 2013) (granting motion to dismiss for lack of personal jurisdiction even where the plaintiff argues that Excursion entities agreed to indemnify NCL for the claims made in th[e] Complaint."); *Rinker v. Carnival Corp.*, No. 09-23154-CIV, 2011 WL 3163473, at *2 (S.D. Fla. July 26, 2011) (same).

While Plaintiff may be correct that a "[company] may be liable under the TCPA for the actions of its agent, a [company] also may be subject to personal jurisdiction in a given forum state based on the actions of its agent,"[3] Plaintiff is incorrect when he concludes "when a company is subject to general personal jurisdiction as a Georgia corporation, its agent is likewise subject to specific personal jurisdiction ere when conducting work out of the cope of such agency." Opp. at 16. And Plaintiff again, cites to no authority on this point.

As such, Plaintiff has not demonstrated Vocodia purposefully availed itself of the privilege of conducting activities within Georgia.

---

[3] *Johansen v. HomeAdvisor, Inc.*, 218 F. Supp. 3d 577, 584 (S.D. Ohio 2016).

8

### 2. The Exercise of Jurisdiction Over Vocodia in Georgia Offends Traditional Notions of Fair Play and Substantial Justice.

Next, Plaintiff argues that "[t]he interests of Georgia in adjudicating this case are compelling as the alternative would be more burdensome for the Defendant by moving this case to South Carolina, whose only connection to this case is the fact that the Plaintiff received the call there and is domiciled there." Opp. at 17. However, Plaintiff fails to recognize that Georgia has no interest in this dispute when it involves a resident from South Carolina, one Georgia entity, and one Florida limited liability company, with no injury suffered in Georgia.

Plaintiff further argues that "[t]he interstate judicial system's interest in obtaining the most efficient resolution of the controversy also weighs in favor of the exercise of personal jurisdiction [because] [i]f the Plaintiff and all similar plaintiffs were forced to file suit outside the state where the principal vendor is located in a telemarketing suit, fewer controversies would be resolved since it would require multiple witnesses to travel away from the district where the conduct was orchestrated." Opp. at 17. While Plaintiff argues for "efficiency", it's essential to consider the fairness and convenience for *both* parties. Forcing Vocodia to litigate in a jurisdiction where it does not have significant contacts or operations would result in undue burden and expense.

Moreover, Plaintiff argues "the shared interest of the states in furthering substantive social policies favors allowing plaintiff to bring suit here in Georgia, as Georgia has a substantial interest in subjecting those who avail themselves of the privilege of doing business in such a wonderful state the obligations of its laws." Opp. at 17. But Vocodia did not avail itself of the privilege of doing business in Georgia. Other than contracting with a Georgia entity, Vocodia has no ties to Georgia.

As such, the exercise of jurisdiction over Vocodia in Georgia offends traditional notions

of fair play and substantial justice.

### 3. This Case Does Not "Arise From" Vocodia's Contacts with Georgia.

Most importantly, this case does *not* "arise from" Vocodia's contacts with Georgia and Optim's contacts with Georgia cannot be imputed to Vocodia. Just because this Court can exercise general jurisdiction over Optim, does not mean that it can exercise specific jurisdiction over Vocodia.

To the extent Plaintiff suggests that Vocodia is subject to specific jurisdiction because Vocodia was acting as an agent of Optim, as noted in Optim's Motion to Dismiss, Plaintiff fails to allege sufficient facts that Vocodia was acting as an agent of Optim. Regardless, Georgia's long-arm statute explicitly states that an agent's actions may be attributable to the principal: "A court of this state may exercise personal jurisdiction over any nonresident . . . in the same manner as if he or she were a resident of the state, if in person or through an agent, he or she . . . [t]ransacts any business within this state." O.C.G.A. § 9-10-91(1). But the statue does not provide that a principal's contacts with Georgia may be imputed to its agent and Plaintiff has cited no authority which interpreted the Georgia long-arm statute to allow for such imputation.

### C. Plaintiff's Request For Jurisdictional Discovery Should Be Denied.

Plaintiff submits that to the extent Vocodia's Motion is not denied, the Court should defer ruling on the Motion to allow for jurisdictional discovery. *See* Opp. at 18-20. Jurisdictional discovery should not be permitted because the facts necessary to resolve the jurisdictional issues are not unknown or genuinely in dispute.

As an initial matter, "[i]t is procedurally improper to request discovery in a response brief." *Cooley*, 2019 WL 13207579, at *7; *see Turizo v. Jiffy Lube Int'l, Inc.,* No. 19-CV-61140, 2019 WL 4737696, at *5 n.2 (S.D. Fla. Sept. 27, 2019) (denying the plaintiff's request for discovery where "he could have requested leave to conduct such limited discovery prior to filing

10

a response to Jiffy Lube's Motion.") As such, Plaintiff's request should be denied on this basis alone as the request for jurisdictional discovery is simply contained in the Opposition brief. *See* Opp. at 18-20.

However, to the extent this Court is inclined to consider Plaintiff's request for jurisdictional discovery, it should still decline to grant the request.

Jurisdictional discovery is only warranted if the facts necessary to resolve the jurisdictional issues are either unknown or can be genuinely disputed. *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2020 WL 6907056, at *2 (S.D. Fla. Nov. 24, 2020). In order to justify jurisdictional discovery, the disputed facts must be material to the jurisdictional inquiry. *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009).

Where a complaint is "insufficient as a matter of law to establish a prima facie case that the district court had jurisdiction," however, it is an abuse of discretion to grant jurisdictional discovery. *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) (citations omitted). Moreover, courts are "not obligated to permit jurisdictional discovery based on a party's 'mere hunch that there may be facts-or a desire to find out if there are any facts-that justify the exercise of personal jurisdiction.'" *Stevens v. Reliance Fin. Corp.*, No. 2:13-CV-416-MEF, 2014 WL 631612, at *9 (M.D. Ala. Feb. 18, 2014) (quoting *Kason Indus., Inc. v. Dent Design Hardware, Ltd.,* 952 F. Supp. 2d 1334, 1353 (N.D. Ga. 2013)).

Here, Plaintiff's allegations in the FAC supporting jurisdiction are insufficient to establish a *prima facie* case of personal jurisdiction over Vocodia. Even ignoring this deficiency, however, the allegations have been refuted by the Declaration of Brian Podollak, and Plaintiff has presented no evidence in opposition that would support a reasonable inference that Vocodia has the requisite minimum contacts to satisfy the Fourth Amendment's Due Process Clause.

Plaintiff argues that he should be permitted to conduct jurisdictional discovery on

"Vocodia's involvement in the calls, Vocodia's relationship with the (still unnamed) call center that it hired to made the calls and ultimately transferred the calls to Optim's center in Georgia, and Vocodia's and its agent's knowledge of whether they were doing business with a Georgia corporation." Opp. at 18. But Plaintiff should not be permitted to essentially conduct a fishing expedition with no grounds for believing that any evidence of contacts with Georgia are sufficient to confer personal jurisdiction over Vocodia. *See Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.,* 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013) ("The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is not a vehicle for a 'fishing expedition' in hopes that discovery will sustain the exercise of personal jurisdiction.") (citations omitted).

And Plaintiff is wrong that "jurisdictional discovery is often authorized in TCPA cases where vicarious liability is at issue…" Opp. at 20. *See Cooley,* 2019 WL 13207579, at *7 n.9 (denying the plaintiff's request for jurisdictional discovery in TCPA case where vicarious liability was at issue). Accordingly, Plaintiff's request for jurisdictional discovery should be denied.

### III.   **CONCLUSION**

Based on the foregoing reasons and those stated in the Motion, this Court should grant Vocodia's Motion to Dismiss and dismiss Vocodia from the FAC for lack of personal jurisdiction.


"Vocodia's involvement in the calls, Vocodia's relationship with the (still unnamed) call center that it hired to made the calls and ultimately transferred the calls to Optim's center in Georgia, and Vocodia's and its agent's knowledge of whether they were doing business with a Georgia corporation." Opp. at 18. But Plaintiff should not be permitted to essentially conduct a fishing expedition with no grounds for believing that any evidence of contacts with Georgia are sufficient to confer personal jurisdiction over Vocodia. *See Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.,* 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013) ("The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is not a vehicle for a 'fishing expedition' in hopes that discovery will sustain the exercise of personal jurisdiction.") (citations omitted).

And Plaintiff is wrong that "jurisdictional discovery is often authorized in TCPA cases where vicarious liability is at issue…" Opp. at 20. *See Cooley,* 2019 WL 13207579, at *7 n.9 (denying the plaintiff's request for jurisdictional discovery in TCPA case where vicarious liability was at issue). Accordingly, Plaintiff's request for jurisdictional discovery should be denied.

**III.   CONCLUSION**

Based on the foregoing reasons and those stated in the Motion, this Court should grant Vocodia's Motion to Dismiss and dismiss Vocodia from the FAC for lack of personal jurisdiction.

| | |
|---|---|
| Dated:  May 3, 2024 | */s/ Brittany A. Andres*<br>Eric J. Troutman (pro hac vice)<br>California Bar No. 229263<br>Brittany Andres (pro hac vice)<br>California Bar No. 340856<br>TROUTMAN AMIN, LLP<br>400 Spectrum Center<br>Suite 1550<br>Irvine, CA 92618<br>Telephone: (949) 350-3663<br>troutman@troutmanamin.com<br>brittany@troutmanamin.com<br><br>*Attorneys for Defendants Optim Hearing LLC and Vocodia FL, LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2024, I electronically sent the foregoing to counsel of record for the Plaintiff.

/s/ *Brittany A. Andres*
Brittany A. Andres